**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| DAQUAN FEAGINS, <br><br> Plaintiff, <br><br> vs. <br><br> WESTLAKE SERVICES, LLC DBA WESTLAKE FINANCIAL, JOHN DOE, AND COLLATERAL RECOVERY SOLUTIONS, LLC, <br><br> Defendants. | Case No. <br><br> **COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1. Plaintiff Daquan Feagins brings this action against Defendants Westlake Services, LLC dba Westlake Financial, ("Westlake"), John Doe ("DOE"), and Collateral Recovery Solutions, LLC ("CRS") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the South Carolina Consumer Protection Code ("SCCPC"), S.C. Code. § 37-1-101 *et seq.*, and Article 9 of the Uniform Commercial Code ("UCC"), S.C. Code § 36-9-101 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where he resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in Lake City, South Carolina.

5. Plaintiff is allegedly obligated to pay a debt.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and S.C. Code § 37-1-301(10).

7. Westlake is a California limited liability company that does business in this district.

8. Plaintiff is ignorant of the true name and/or capacity, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendant sued herein as DOE, and therefore sues such defendant by such fictitious name until such time as its true name and/or capacity is ascertained

9. DOE is a repossession forwarding company that arranges for the repossession of and remarketing of collateral.

10. At all relevant times, DOE was acting as a repossession agent working at the behest of Westlake.

11. At all relevant times, DOE was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

12. DOE is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and S.C. Code § 37-1-301(28).

13. CRS is a North Carolina limited liability company.

14. At all relevant times, CRS was acting as a repossession agent working at the behest of DOE and Westlake.

15. At all relevant times, CRS was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

16. CRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and S.C. Code § 37-1-301(28).

## FACTUAL ALLEGATIONS

17. On April 23, 2021, Plaintiff purchased a 2013 Acura TL (the "Vehicle") from non-party U.S. Auto Sales, Inc.

18. Plaintiff purchased and used the Vehicle for his own personal, family, and household use.

19. The Vehicle constitutes "consumer goods" as defined by S.C. Code § 36-9-102(a)(23).

20. Plaintiff financed his purchase of the Vehicle and executed a loan agreement (the "Contract") in U.S. Auto Sales's favor.

21. As part the Contract, Plaintiff granted U.S. Auto Sales and its assignees a security interest in the Vehicle.

22. The Vehicle constitutes "collateral" as defined S.C. Code § 36-9-102(a)(12).

23. After the Contract was executed, it was assigned to Westlake.

24. Westlake is a "secured party" as defined by S.C. Code § 36-9-102(a)(73).

25. Thereafter, Westlake engaged its repossession agent, DOE, to repossess the Vehicle.

26. DOE in turn hired CRS to undertake the actual repossession.

27. On or about December 16, 2023, CRS went to Plaintiff's home to repossess the Vehicle.

28. Plaintiff noticed CRS's activities, ran out, protested the repossession, and entered the Vehicle.

29. CRS ignored Plaintiff's protests and moved the Vehicle while he occupied it.

30. In so doing, CRS used force on the body of Plaintiff.

31. Plaintiff's brother joined Plaintiff in protesting the repossession.

32. CRS then accomplished the repossession over Plaintiff and his brother's protests.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## CRS AND DOE

33. Plaintiff repeats and re-alleges each factual allegation contained above.

34. South Carolina law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." S.C. Code § 36-9-609.

35. The UCC gives consumers an absolute right to object to a self-help repossession. "As numerous state court cases and secondary authorities have recognized, an objection, particularly when it is accompanied by physical obstruction, is the debtor's most powerful (and lawful) tool in fending off an improper repossession because it constitutes a breach of the peace requiring the creditor to abandon his efforts to repossess." *Hensley v. Gassman*, 693 F.3d 681, 689-90 (6th Cir. 2012).

36. Under South Carolina law, if a consumer or bystander protests a repossession, it is a breach of the peace to continue such repossession. *See In re Daniel*, 137 B.R. 884, 888 (D.S.C. 1992) (finding that the active protest of the Daniels alone was a sufficient disturbance of

tranquility to constitute a breach of the peace); *Webber v. Farmers Chevrolet Co.*, 195 S.E. 139, 142 (S.C. 1938) (allegation that repossession occurred forcibly over protest was sufficient to state breach of the peace).

37. Plaintiff and his brother protested CRS's repossession, nonetheless, CRS continued the repossession and thereby breached the peace.

38. The South Carolina legislature has explicitly declared use of force a breach of the peace. *See* S.C. Code § 37-5-112 (noting that repossession can only be undertaken "without the use of force or other breach of the peace").

39. Because repossessors are not allowed to use force during a repossession, and impacting or picking up an occupied vehicle necessarily applies force to the body of the occupant, a repossession agent breaches the peace if he impacts, lifts, or moves an occupied vehicle. *See* S.C. Code § 37-5-112; *see also Hansen v. Santander Bank, N.A.*, No. 22-cv-3048 (SRN/TNL), 2023 U.S. Dist. LEXIS 150926, at *15 (D. Minn. Aug. 28, 2023) (collecting cases); *Nieves v. Able Auto Adjusters*, No. CV-18-8262 (AGRx), 2019 U.S. Dist. LEXIS 239628, 2019 WL 13043035, at *1 (C.D. Cal. Mar. 12, 2019) (attempting to repossess a car while occupied is a breach of the peace); *Sinegal v. Big Horn Auto Sales, Inc.*, CIVIL ACTION No. H-21-3102, 2022 U.S. Dist. LEXIS 46409, 2022 WL 799908, at *3 (S.D. Tex. Mar. 16, 2022) (breach of peace where the tow truck crashed into the plaintiff's vehicle and then lifted it while it was occupied by two people); *Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020) (noting that moving a vehicle while it is occupied sufficiently pleads breach of the peace); *Smith v. AFS Acceptance, LLC*, No. 11 C 5340, 2012 U.S. Dist. LEXIS 75976, at *9 (N.D. Ill. June 1, 2012) (pleading that

40. CRS used physical force on the body of Plaintiff during the repossession and thereby breached the peace.

41. Because CRS breached the peace, it lost the right to continue with the repossession.

42. Nonetheless, CRS continued with its repossession after the right to do so was lost.

43. CRS violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Plaintiff's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest or when the property was exempt from such dispossession or disablement.

44. DOE, as the debt collector that hired CRS, is liable for CRS's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CRS violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging DOE, as the debt collector that hired CRS, is liable for CRS's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF S.C. CODE § 36-9-609(B)(2)
## WESTLAKE

45. Plaintiff repeats and re-alleges each factual allegation contained above.

46. South Carolina law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." S.C. Code § 36-9-609.

47. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

48. Moreover, "courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral." Official Commentary to S.C. Code § 36-9-609 at Comment 3.

49. Westlake's repossession agents, CRS, breached the peace by continuing the repossession in the face of Plaintiff and his brother's unequivocal protest, and by using force on the body of Plaintiff.

50. Westlake violated S.C. Code § 36-9-609 when its repossession agents, CRS, breached the peace during its repossession of Plaintiff's Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Westlake violated S.C. Code § 36-9-609;

b) Awarding Plaintiff statutory damages, pursuant to S.C. Code § 36-9-625(c)(2);

c) Awarding Plaintiff actual damages, pursuant to S.C. Code § 36-9-625(c)(1);

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF S.C. CODE § 37-5-108
## WESTLAKE AND CRS

51. Plaintiff repeats and re-alleges each and every factual allegation above.

52. South Carolina law provides that if "a person has engaged in, is engaging in, or is likely to engage in unconscionable conduct in collecting a debt . . . the consumer has a cause of action to recover actual damages and . . . a penalty in the amount determined by the court of not less than one hundred dollars nor more than one thousand dollars." *Soberanis v. City Title Loan, LLC*, Civil Action No. 2:16-4034-RMG, 2017 U.S. Dist. LEXIS 50114, at *14 (D.S.C. Apr. 3, 2017) (quoting S.C. Code § 37-5-108(2)).

53. Unlawfully repossessing a vehicle in a manner constituting a breach of the peace is unconscionable debt collection under South Carolina Law. *Soberanis*, 2017 U.S. Dist. LEXIS 50114 at *20.

54. CRS violated S.C. Code § 37-5-108 by engaging in unconscionable conduct in collecting a debt arising from a consumer credit transaction; to wit, breaching the peace during a repossession, using or threatening to use force, violence, or criminal prosecution against Plaintiff, including harm to the physical person, reputation, or property of Plaintiff.

55. As the debt collectors that hired CRS, Westlake is liable for CRS's violation of S.C. Code § 37-5-108.

56. More than thirty (30) days prior to the filing of this complaint, Plaintiff filed written notice of the facts and circumstances of Plaintiff's claim of unconscionable conduct with the administrator of the South Carolina Department of Consumer Affairs, pursuant to S.C. Code § 37-5-108(6).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Westlake violated S.C. Code § 37-5-108;

b) Adjudging that CRS violated S.C. Code § 37-5-108;

c) Awarding Plaintiff statutory damages, pursuant to S.C. Code § 37-5-108(2), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to S.C. Code § 37-5-108(2);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to S.C. Code § 37-5-108(6);

f) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

54. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 5, 2024.

Respectfully submitted,

/s/ Chauntel Bland
Chauntel Bland (USDC Bar No. 11064)
463 Regency Park Drive
Columbia, SC 29210
Telephone: (803) 319-6262
Chauntel.bland@yahoo.com
Attorneys for Plaintiff

**Please send correspondence to the below address**

Chauntel Bland
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259

9